# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2015

Lyle W. Cayce
Clerk

No. 15-10325
Summary Calendar

CONCENTRO LABORATORIES, L.L.C.; JOSEPH O. DIDURO, DC,

Plaintiffs - Appellants

v.

PRACTICE WEALTH, LIMITED; DOCTOR ERICH BREITENMOSER,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CV-225

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

This is a copyright dispute between two chiropractors, each of whom sells instructions to other chiropractors for profit. It began when Dr. Joseph DiDuro and his affiliated entity, Concerto Laboratories, L.L.C. (jointly, "Appellants"), created a short video outlining a diagnostic procedure and a blank form to be filled in while conducting that procedure. Dr. DiDuro registered both the video and the form with the United States Copyright Office. Soon after that, Dr.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10325

Erich Breitenmoser and his own entity, Practice Wealth Ltd. ("jointly, "Appellees"), created their own videos about such a procedure and a form to be used while conducting it. Alleging that the latter videos and form infringed on the registered copyrights for the former ones, Appellants filed suit in the district court alleging federal- and state-law claims against Appellees. On cross-motions for summary judgment, the district court dismissed Appellants' federal-law claims with prejudice, and Appellants timely filed a notice of appeal.[1]

"We review a grant of summary judgment *de novo* under the same standard applied by the district court,"[2] which requires that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] We consider those facts "in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor."[4]

Appellants cannot prevail on appeal of the district court's order and judgment rejecting their claims. "To establish a prima facie case of copyright infringement, a copyright owner must prove '(1) ownership of a valid copyright, and (2) copying [by another] of constituent elements of the work that are original.'"[5]

First, for a copyright to be "owned" it must exist. And, for a copyright to exist in a work, such work must be subject to copyright protection, *i.e.*, it must be "copyrightable." Specifically, 17 U.S.C. § 102 provides copyright protection to "original works of authorship fixed in any tangible medium of

---

[1] Declining to exercise pendent jurisdiction over the remaining state-law claims, the district court dismissed those without prejudice.

[2] *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 599 (5th Cir. 2015) (quoting *Boone v. Citigroup, Inc.*, 416 F.3d 382, 392–93 (5th Cir. 2005)).

[3] FED. R. CIV. P. 56(a).

[4] *Spear Mktg., Inc.*, 791 F.3d at 599.

[5] *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

expression . . . ,"[6] but not to "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such a work."[7] Stated differently, "copyright law protects tangible, original expressions of [such things], not [those things] themselves."[8] "The copyright is limited to those aspects of the work—termed 'expression'—that display the stamp of the author's originality."[9] Accordingly, a copyright in a form or a video outlining a particular procedure does not extend to the procedure itself.

Here, the undisputed facts make clear that Appellees' videos and form merely describe, explain, illustrate, or embody a procedure that is identical or similar to that described, explained, illustrated, or embodied in the Appellants'. Because the Appellants cannot own a copyright in a procedure, it does not matter if the procedure presented in one work is the same as or identical to that presented in another.[10] Instead, only the work itself is relevant. Neither the Appellants' videos nor any aspect of them was dubbed, and neither the form nor any part of it was transposed. In sum, it is obvious to us that the Appellants have chiefly alleged infringement of the procedure itself, for which there is no copyright protection.[11]  And even if the Appellants' form

---

[6] 17 U.S.C. § 102(a).

[7] *Id.* § 102(b).

[8] *Kepner-Tregoe, Inc. v. Leadership Software*, Inc., 12 F.3d 527, 533 (5th Cir. 1994)

[9] *Id.* (quoting *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539 (1985)).

[10] *Id.* at 533–34 ("To determine the scope of copyright protection in a close case, a court may have to filter out ideas, processes, facts, idea/expression mergers, and other unprotectable elements of plaintiff's copyrighted materials to ascertain whether the defendant infringed protectable elements of those materials.").

[11] Even to the extent that Appellants do base their claims on protectable expressions as opposed to ideas or processes, the district court correctly granted summary judgment. To show factual copying—a necessary element of a copyright infringement claim—without direct evidence, a plaintiff must usually "prove that (1) the defendant had access to the copyrighted work before creation of the infringing work and (2) the works contain similarities that are probative of copying." *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007). "Alternatively, factual copying may be proved by showing such a 'striking similarity' between the two works

No. 15-10325

were subject to copyright protection, it is further excluded from such protection because it constitutes a "blank form," which is merely "designed for recording information and do[es] not in [itself] convey information."[12]

Other judicial, statutory, or contractual law might have provided (or might still provide) the protection that Appellants' seek, but 17 U.S.C. § 102 does not, at least not in this instance. Having considered the pertinent facts and the applicable law, we AFFIRM the district court's order and the resulting judgment for the forgoing reasons and those articulated by the district court.

---

that the similarity could only be explained by actual copying." *Id.* at 152 n.3. Appellants do not contest the district court's ruling that they submitted no evidence of access, and the district court correctly determined that the videos were not so strikingly similar as to show actual copying.

[12] 37 C.F.R § 202.1(d). Appellants' reliance on the district court's reasoning in *SmokEnders, Inc. v. Smoke No More, Inc.*, No. 73-1637, 1974 WL 20234 (S.D. Fla. Oct. 21, 1974), is misplaced, as it predates the enactment of 17 U.S.C. § 102. Because we conclude that the work was not copyrightable as it relates to the procedure, we need not address whether there was some other public domain exclusion.